UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| RODNEY DEWALT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2690-DDC-TJJ |
| | ) | |
| CITY OF OVERLAND PARK, KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Pro Se Plaintiff's Motion for Reconsideration (ECF No. 55). Plaintiff Rodney Dewalt asks the Court to reconsider its August 2, 2019 order (ECF No. 52). That order granted Defendant's Motion to Strike Plaintiff's Amended Complaint, after Plaintiff filed his Amended Complaint without filing a motion for leave to file such an amended complaint as directed by the Court. For the reasons discussed below, the Court denies Plaintiff's motion.

District of Kansas Rule 7.3(b) permits a party to file a motion seeking reconsideration of a non-dispositive order. The motion to reconsider must be based on "(1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[1] A motion to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law or if the party produces new evidence that could not have been obtained through the exercise of due diligence.[2] Such motions are not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[3] Whether to

---

[1] D. Kan. Rule 7.3(b). The Tenth Circuit has adopted the same standard. *See, e.g.*, *Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 944 (10th Cir. 1995).

[2] *Comeau v. Rupp*, 810 F. Supp. 1172, 1174–75 (D. Kan. 1992).

[3] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

grant or deny reconsideration lies within the court's sound discretion.[4] The movant has the burden to show an adequate reason to reconsider the prior order of the court.[5]

In his motion for reconsideration, Plaintiff does not cite or argue any of the enumerated grounds set forth in D. Kan. Rule 7.3(b) for granting reconsideration of a non-dispositive order. Plaintiff only states that he "was so upset that he missed his flight" to Kansas City to attend his scheduled deposition "that he rushed to the US Post Office and overlooked the motion by mistake" and did not realize he failed to mail the motion until he received the Court's order.[6] In his reply,[7] despite reciting the standard for a motion for reconsideration, he still fails to explain on what basis he seeks reconsideration. He cites no intervening change in controlling law, no new evidence, and no clear error of law. Instead, he again says he simply failed to include the motion and didn't realize the failure until receiving the Court's order.

The Court twice provided Plaintiff clear instructions regarding his filing of a motion for leave to amend his complaint.[8] The Court also gave Plaintiff an extension of time in which to do so.[9] Despite these instructions and additional time, Plaintiff failed to comply with the Court's order. Plaintiff cites no basis for reconsideration of the order, and therefore, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Pro Se Plaintiff's Motion for Reconsideration (ECF No. 55) is denied.

**IT IS SO ORDERED.**

---

[4] *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV, 2012 WL 1154509, at *2 (D. Kan. Apr. 5, 2012).

[5] *Id.*

[6] ECF No. 55.

[7] ECF No. 57.

[8] *See* ECF Nos. 38 and 42.

[9] ECF No. 42.

Dated August 13, 2019, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge